UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF KEI ANIMAL CLINIC,<br><br>Applicant. | Case No. 20-mc-80183-VKD<br><br>**ORDER DENYING WITHOUT PREJUDE EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant KEI Animal Clinic ("KEI") has filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. Nos. 1-4. Although the anticipated subpoena will seek discovery from Google, KEI will use the subpoena to obtain identifying and contact information for a person in Japan who made a post from a Google account.

The Court denies the application without prejudice because KEI fails to attach the proposed subpoena with document requests and otherwise fails to specifically describe the documents it seeks.

**I.  BACKGROUND**

According to the application, KEI operates a veterinary clinic in Japan. Dkt. No. 1 at 2. On June 15, 2020, an anonymous one-star review was posted under the username "Chan yama" on the Google Map review page associated with the clinic. *Id.* at 4. The post (as translated in KEI's application) states:

> I visited the clinic after-hours. I left because they told me there wasn't anything to worry about at the moment and to just keep an eye on him but there was no improvement so I went to another

> hospital for treatment and they found a tumor on his hind leg.
>
> They mentioned that frequent visits are needed.
>
> I regretted having to pay the after-hours fee going there.
>
> The difference between the person who found the tumor during inspection and the person who said there was nothing to worry about . . .

Dkt. No. 2, Ex. B.[1]  According to Dr. Yamamoto, the director of KEI, the description of the visit in the anonymous post is not true. The clinic has been unable to verify that the visit described in the post actually took place at the KEI Animal Clinic. KEI says that the statements in the post has damaged Dr. Yamamoto's reputation. Dkt. No. 3 ¶¶ 9-10. KEI says it intends to assert claims for defamation and intentional interference with business relations in Japan against the person who posted the review once KEI ascertains his or her identity. Dkt. No. 1 at 6.

KEI filed a proposed order that refers to the following documents:

> 1. KEI Animal Clinic may seek addresses, emails addresses, recovery email addresses, and telephone number of the account holder reviewer "m".
>
> 2. KEI Animal Clinic may only seek the name and address of the person who is billed for the account.

Dkt. No. 6 at 1. However, KEI's application refers to an account with the username "Chan yama," not "m." KEI also attaches a form of subpoena to its proposed order, but the subpoena does not describe the documents it seeks. *Id.* at 3. The form subpoena refers to an attachment, but no attachment was filed with the Court.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing

---

[1] KEI's application includes a supporting declaration from Marianne Mu who says that she translated the post from Japanese to English. However, the English translation attached to Ms. Mu's declaration appears to be of a different, unrelated post. *See* Dkt. No. 4, Ex. B.

2

in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery

is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery the court authorizes must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III. DISCUSSION

### A. Statutory Requirements

KEI's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this district. Second, KEI requests discovery of the identity of the account holder for use in a civil action for defamation and intentional interference with business relations that it says it anticipates filing in Japan as soon as it learns the identity of the Google account holder responsible for the post. Crediting that assertion, this proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, KEI, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

### B. *Intel* Factors

Even if the Court has the authority to grant KEI's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1. Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

4

1    According to the application, Google will not be a party to the civil action KEI plans to
2    bring in Japan, and the documents KEI intends to seek by subpoena are located in the United
3    States. Dkt. No. 1 at 8. KEI contends that such evidence is outside the reach of a Japanese court's
4    jurisdiction. *Id.* at 10. In these circumstances, the need for assistance pursuant to § 1782(a) is
5    greater than it would be in circumstances where the foreign tribunal may order parties appearing
6    before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The
7    Court finds that this factor weighs in favor of authorizing discovery.

### 2.    Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citation omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, KEI represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States. *See* Dkt. No. 1 at 12. However, the cases on which KEI relies did not concern Japanese courts' receptivity to discovery of the personal identifying information of individuals posting anonymous online reviews. In *Marubeni Am. Corp. v. LBA Y.K.*, the Second Circuit merely observed that "there is no evidence in the record of what

discovery would be available in, or is acceptable to, the Japanese District Court in Tokyo." 335 F. App'x 95, 97–98 (2d Cir. 2009). In *In re Ex Parte LG Elecs. Deutschland GmbH*, the discovery at issue concerned documents reflecting the transfer of intellectual property rights between private parties, not the personal identifying information of account holders. No. 12CV1197-LAB MDD, 2012 WL 1836283, at *1 (S.D. Cal. May 21, 2012).

Mr. Yasuho, an attorney for KEI who is licensed to practice in Japan, asserts that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence KEI seeks here. Dkt. No. 2 ¶ 12. In the absence of evidence that Japanese courts would object to KEI's discovery of documents identifying the account holder, or that they object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing discovery.

### 3. Circumvention of proof-gathering restrictions

Under this factor, the Court considers whether KEI's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal., Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal., Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

KEI relies on the declaration of Mr. Kasuho, who, as noted above, asserts that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence KEI seeks here. Dkt. No. 2 ¶ 12. In the absence of contrary information regarding the procedures

acceptable to a Japanese court for identifying the Google account holders, the Court concludes that this factor also weighs in favor of authorizing discovery.

### 4. Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

KEI does not attach a proposed subpoena that describes the documents it seeks from Google, and its proposed order refers to documents associated with an account that appears to be different from the account described in the application. The Court assumes this is an error. However, this error prevents the Court from evaluating whether the discovery KEI seeks is unduly burdensome or intrusive. KEI may correct this error by filing its proposed subpoena with the Court for review.

## IV. CONCLUSION

For the foregoing reasons, KEI's application is denied without prejudice. KEI may file a proposed subpoena that specifically describes the documents it seeks from Google for the Court's review. KEI may not serve any such subpoena until the Court authorizes service.

**IT IS SO ORDERED.**

Dated: October 30, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge