UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF KEI ANIMAL CLINIC,<br><br>Applicant. | Case No. 20-mc-80183-VKD<br><br>**ORDER DENYING EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 12 |

On three prior occasions, the Court has denied KEI Animal Clinic's ("KEI") ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). *See* Dkt. Nos. 7, 9, 11. On each such occasion, KEI's application and proposed subpoena failed to specifically describe the documents requested and failed to provide sufficient justification for the discovery sought. *See id.* In its most recent order, issued on November 30, 2020, the Court warned KEI that "a further failure to comply with the Court's prior orders and directions regarding submission of a proposed subpoena may result in denial of the application *with prejudice*." Dkt. No. 11 at 2.

Now, almost a year later, KEI has filed yet another application. Dkt. No. 12. The application, the proposed order, and the proposed subpoena appear to have been prepared with little care and even less attention to the Court's prior orders. For example, the application states: "The amended subpoena requests only []subscriber information for the Google Account association with 111622367824009627859," which apparently corresponds to a portion of the URL used by the person who posted an allegedly defamatory review of KEI's services in June of

2020.[1] *Id.* at 2.  However, KEI's latest proposed subpoena asks for the following documents:

> The name used Basic Subscriber Information of the registered user for the "Chan Yama" account (Poster URL 11162236782400962).

Dkt. No. 12-2.  Apart from the error that renders the first portion of this request unintelligible ("the name used Basic Subscriber Information . . ."), the term "Basic Subscriber Information" is nowhere defined in the proposed subpoena.  *Id.*  In addition, the URL in the proposed subpoena (which is 17 digits) does not match the URL in the application (which is 21 digits).  KEI's application is barely two pages long and provides no support for the discovery it seeks.  *See* Dkt. No. 12.

Because KEI has once again failed to submit an application and proposed subpoena that adequately describes the documents requested and the justification for this discovery, the Court denies the application.  Further, because KEI has repeatedly failed to comply with this Court's prior orders and directions regarding precisely the same issue, the Court considers whether the application should be denied with prejudice.

The Court's consideration is guided by evaluation of the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Google, the subpoena recipient, and to the prospective defendant in KEI's defamation action; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (court's discretion to dismiss complaint requires consideration of several factors).

Here, both the public's interest in expeditious resolution of this matter and the Court's need to manage its docket strongly favor denial of the application with prejudice.  KEI filed its original application in October 2020.  The Court acted expeditiously in denying that application, clearly indicating the deficiencies KEI must address in an amended application.  KEI failed to correct these deficiencies in its second and third applications, both of which the Court denied without prejudice, again clearly indicating the deficiencies KEI must address.  KEI delayed for

---

[1] In support, KEI cites "Docket No. 8: paragraphs 8 and 9," but that citation appears to be an error, as "Docket No. 8" is a proposed order with only four paragraphs and a subpoena attached.

nearly a year in filing its fourth and current application. As explained above, this application also does not comply with the Court's prior orders or the requirements of 28 U.S.C. § 1782. These circumstances favor denial of the application with prejudice. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court manage its docket without being subject to routine noncompliance of litigants[.]"); *see also id.* ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted).

On the other hand, the extent to which Google and/or the prospective defendant have been prejudiced is not clear, particularly because KEI's application is presented ex parte. For example, it is unclear whether, after KEI's extensive delay in filing its most recent application, Google still retains in readily accessible form the information KEI wishes to subpoena. As for the prospective defendant, KEI's "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. These circumstances may be prejudicial to the prospective defendant's ability to defend himself or herself from KEI's contemplated defamation action. The most that can be said is that KEI has unreasonably delayed, but it is not clear whether or to what extent any other interested party has been prejudiced by that delay.

Finally, while public policy generally favors disposition of matters on the merits, *id.*, the Court is not persuaded this matter will ever get to the merits. The Court has given KEI multiple opportunities to submit a compliant application for discovery, accompanied by very specific guidance about the deficiencies that must be corrected. KEI has failed repeatedly to comply with the Court's prior orders or to correct the deficiencies, and the Court now concludes that it will be futile to permit yet another attempt. *See In re Application of Akhgar*, No. 15-mc-80177-DMR, 2015 WL 12819191 (N.D. Cal. Nov. 24, 2015) (denying renewed application for discovery where applicant failed to cure defects identified in first order denying, without prejudice, initial application).

Accordingly, the Court finds that the relevant considerations favor denial of KEI's application with prejudice.

The application is denied with prejudice. The Clerk of the Court shall close the case and no further applications for discovery will be accepted in this matter.

**IT IS SO ORDERED.**

Dated: November 22, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge